UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA M. ALVARADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 10-0362 |
| | § | |
| WELLS FARGO ADVISORS, LLC f/k/a | § | |
| WACHOVIA SECURITIES, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Dismiss (Doc. No. 6) filed by Defendant Wells Fargo Advisors ("Defendant"). Upon considering the motion, all responses thereto, and the applicable law, the Court concludes that the motion should be denied.

### I.     BACKGROUND

Plaintiff Lisa M. Alvarado ("Plaintiff") was a financial advisor from 2007 to 2008 registered with Wachovia Securities. After Plaintiff's employment ended, Plaintiff and Defendant submitted to arbitration before a Financial Industry Regulation Authority ("FINRA") panel in a dispute regarding a promissory note that Plaintiff had executed. On January 6, 2010, a FINRA arbitration panel issued an award finding Plaintiff liable to Defendant for $85,885 in compensatory damages. The award was delivered to both parties on January 7, 2010. On February 5, 2010, Plaintiff filed a Motion to Vacate Arbitration (styled as a complaint) in this Court. The Motion to Vacate was served on Defendant on April 14, 2010. Defendant now moves to dismiss on the grounds that Plaintiff did not serve the Motion to Vacate within three months after the arbitration award was "filed or delivered," as required by 9 U.S.C. § 12.

## II. LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only if, "when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff," the complaint fails to state a valid claim upon which relief can be granted. *Shandong Yinguang Chemical Industries Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (per curiam). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009)).

## III. ANALYSIS

"Notice of a motion to vacate, modify, or correct an [arbitration] award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12 ("§ 12"). The parties disagree as to the proper date on which to begin counting the three-month time period. Defendant contends that the three-month period began on January 6 or January 7, 2010, when the arbitration panel issued and delivered the award. If either of Defendant's proposed dates is treated as the beginning of the period, Plaintiff's Motion to Vacate would be untimely and barred by § 12. Plaintiff, on the other hand, contends that the period began on January 21, 2010, when Plaintiff's Motion for Clarification was denied by the arbitrator, or later. If Plaintiff's proposed dates are treated as the beginning of the period, Plaintiff's Motion to Vacate would be timely, as it was filed within three months of January 21, 2010.

As a preliminary matter, this and other courts have held that the time period under § 12 begins only upon filing or delivery of a *final* arbitration award. *Richard Dale Relyea Ltd.*

*Partnership v. Pershing, LLC*, 2006 WL 696564, at *2 (S.D.Tex. Mar. 14, 2006) (Ellison, J.); *Fradella v. Petricca*, 183 F.3d 17, 18-19 (1st Cir. 1999); *Phillips v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 2006 WL 3746692, at *3 (D.Conn. Dec. 15, 2006); *see also Orion Pictures Corp. v. Writers Guild of America, West, Inc.*, 946 F.2d 722, 724 (9th Cir. 1991) (district court may only review final arbitration award); *Local 36, Sheet Metal Workers Intern. Ass'n, AFL-CIO v. Pevely Sheet Metal Co., Inc.*, 951 F.2d 947, 948-50 (8th Cir. 1992) (same). An award is "final" only if the arbitrator has disposed of all issues in the arbitration. *Richard Dale Relyea Ltd. Partnership*, 2006 WL 696564, at *2; *Lummus Global Amazonas S.A. v. Aguaytia Energy del Peru S.R. Ltda.*, 256 F. Supp. 2d 594, 639 (S.D.Tex. 2002) ("As a general rule, a final and definite arbitration award must both resolve all the issues submitted to arbitration, and determine each issue fully so that no further litigation is necessary to finalize the obligations of the parties under the award.") (internal quotations omitted).

In this case, Plaintiff alleges that the award delivered on January 7, 2010 was not final because two issues were not addressed in the award and required clarification. First, Plaintiff alleges that the award did not address Plaintiff's "defense of *Accord and Satisfaction*." (Complaint, Doc. No. 1, ¶15a.) Second, Plaintiff alleges that the award did not address the "rightful possession" of "funds already in possession of Wachovia at the time of Arbitration." (*Id.* at ¶15b.) Accordingly, Plaintiff argues that she was unable to comply with the award prior to resolution of her Motion for Clarification. Defendant argues that the award was final, notwithstanding the reasons for Plaintiff's Motion for Clarification. In support of this argument, Defendant cites the arbitration procedural rules that were used by FINRA.

Assuming the allegations in the pleadings to be true and viewing them in the light most favorable to Plaintiff, the Court concludes that Plaintiff has stated a claim upon which relief can

3

be granted. Plaintiff specifically alleges that two issues in the arbitration that were not addressed in the award that was delivered on January 7, 2010, and that as a result Plaintiff was and is unable to comply with the award. If proven true, these allegations would render the arbitration award non-final, and thus render Plaintiff's Motion to Vacate timely. *See, e.g.*, *Dale Relyea Ltd. Partnership*, 2006 WL 696564, at *2 (award not final where all but one claim was resolved); *Phillips*, 2006 WL 3746692, at *3 (award not final due to ambiguity as to whether panel had ruled on substantive claims); *Cofinco, Inc. v. Bakrie & Bros., N. V.*, 395 F. Supp. 613, 616 (S.D.N.Y. 1975) (award not final that "le[ft] open matters like 'accrued expenses,' interest, and the like, which could entail large sums and disagreements confided to the arbitral jurisdiction").

The FINRA rules relied upon by Defendant are not to the contrary. First, although "[w]hether the award indicates that is final and whether the arbitrator intended the award to be final are factors in determining if an arbitration award is final," *Local 36, Sheet Metal Workers Intern. Ass'n, AFL-CIO*, 951 F.2d at 949, the FINRA rule stating generally that awards are final "[u]nless the applicable law directs otherwise" is not dispositive of finality for purposes of this motion to dismiss. Plaintiff's allegations, if proven, could show that the initial award did not "both resolve all the issues submitted to arbitration, and determine each issue fully so that no further litigation is necessary to finalize the obligations of the parties under the award" and was thus not final. *Lummus Global Amazonas S.A.*, 256 F. Supp. 2d at 639. Second, the procedural validity of Plaintiff's Motion for Clarification is irrelevant to whether the initial award was final. The Court finds not that the filing of Plaintiff's Motion for Clarification tolled the three-month time period, but that the three-month time period had not begun as of January 21, 2010 because the initial arbitration award was not final. *Compare Halliburton Energy Services, Inc. v. NL Industries*, 618 F. Supp. 2d 614, 627 (S.D.Tex. 2009) ("[Purpose of time limits] would be

severely undermined if the limitations period prescribed in [§ 12] were tolled every time a losing party filed the functional equivalent of a motion for reconsideration.") (quoting *Olson v. Wexford Cleaning Services Corp*, 397 F.3d 488, 492 (7th Cir. 2005)). Therefore, Plaintiff could prove that her Motion to Vacate was timely, so she has stated a cause of action.

## IV.    CONCLUSION

The Court concludes that Plaintiff has alleged facts sufficient to state a claim upon which relief can be granted. Therefore, Defendant's Motion to Dismiss (Doc. No. 6) for untimely filing of the Motion to Vacate is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 27th day of August, 2010.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE