UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LISA M. ALVARADO, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 10-0362 |
| § | |
| WELLS FARGO ADVISORS, LLC f/k/a § | |
| WACHOVIA SECURITIES, LLC, § | |
| § | |
| Defendant. § | |
| § | |

### MEMORANDUM AND ORDER

Pending before the Court is the Motion to Vacate Arbitration Award, filed as part of Plaintiff's Complaint. (Doc. No. 1.) Upon considering the parties' filings and the applicable law, the Court finds the motion should be denied, and confirms the arbitration award.

### I.   BACKGROUND

Plaintiff Lisa M. Alvarado was a financial advisor from 2007 to 2008 registered with Defendant Wells Fargo Advisors, LLC, f/k/a Wachovia Securities, LLC ("Wells Fargo"). During the course of her employment, Plaintiff borrowed a sum of $123,308.00 from Wells Fargo. Wells Fargo also contends that Plaintiff was overpaid for her commissions. After Plaintiff's employment ended, she and Wells Fargo had a dispute regarding the commissions and regarding payment of the promissory note Plaintiff had executed for her loan. Wells Fargo seized $22,976.41 from Plaintiff's brokerage account, and Plaintiff sent Wells Fargo a cashier's check for an additional $11,280.57 (together, "the 34,256.98.").

Plaintiff and Defendant submitted their dispute to arbitration before a Financial Industry Regulation Authority ("FINRA") panel. On January 6, 2010, the arbitration panel issued an

award finding Plaintiff liable to Defendant for $85,885.00 in compensatory damages. On February 5, 2010, Plaintiff filed a Motion to Vacate Arbitration (styled as a complaint) in this Court. Defendant moved to dismiss the case on the grounds that Plaintiff did not serve the Motion to Vacate within three months after the arbitration award was "filed or delivered," as required by 9 U.S.C. § 12. (Doc. No. 6.) The Court denied that motion on August 27, 2010, holding that Plaintiff had alleged facts that, if proven true, "would render the arbitration award non-final, and thus render Plaintiff's Motion to Vacate timely." (Doc. No. 11, at 4 ("August 27 Order").) Specifically, the Court found, Plaintiff had alleged "that two issues in the arbitration that were not addressed in the award that was delivered on January 7, 2010, and that as a result Plaintiff was and is unable to comply with the award." (*Id.*)

Plaintiff filed a Motion to Amend her complaint on November 6, 2010, to add a claim for vacatur on the basis of fraud. (Doc. No. 15.) The Court held a hearing and denied that motion on December 8, 2010, finding that the amendment would be futile. *See Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile," meaning "that the amended complaint would fail to state a claim upon which relief could be granted"). The Court noted at the hearing that it would reconsider an amended complaint if Plaintiff presented an additional basis that she had alleged the elements of fraud. Plaintiff has provided no additional filings since the hearing.

Plaintiff seeks to vacate the arbitration award, arguing that the award is ambiguous because 1) it did not rule on Plaintiff's defense of accord and satisfaction; and 2) it does not state whether the $34,256.98 is to be applied toward the $85,885.00 compensatory damages award. Defendant filed a response on October 1, 2010, arguing that there is no basis to vacate the award

2

and that the award should be confirmed. (Doc. No. 14.) Plaintiff has not filed a reply to that response.

## II. LEGAL STANDARD

"To assure that arbitration serves as an efficient and cost-effective alternative to litigation, and to hold parties to their agreements to arbitrate, the [Federal Arbitration Act ("FAA")] narrowly restricts judicial review of arbitrators' awards." *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 280 (5th Cir. 2007) (en banc); *see also Lummus Global Amazonas S.A. v. Aguaytia Energy del Peru S.R. Ltda.*, 256 F. Supp. 2d 594, 604 (S.D. Tex. 2002) ("Judicial review of arbitrators' decisions is extraordinarily narrow under the Federal Arbitration Act.") (internal quotation marks omitted). However, the FAA authorizes courts to vacate arbitration awards in four circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). "Review on these grounds is necessarily narrow, limited to determining whether the arbitration proceeding was fundamentally unfair." *Lummus Global Amazonas*, 256 F. Supp. 2d at 605. "[C]ourts are bound to interpret the arbitrator's award and the contract broadly so as to uphold the award." *Manville Forest Products Corp. v. United Paperworkers Intern. Union, AFL-CIO*, 831 F.2d 72, 74 (5th Cir. 1987). Furthermore, "[t]he party moving to vacate an arbitration award has the burden of proof." *Lummus Global Amazonas*, 256 F. Supp. 2d at 604.

III. ANALYSIS

Plaintiff argues that vacatur is appropriate on the fourth ground of 9 U.S.C. § 10(a), contending "that a mutual, final, and definite award upon the subject matter submitted was not made." First, Plaintiff argues that, because the arbitration award does not specifically address Plaintiff's accord and satisfaction defense, the defense "does not appear to have been ruled upon by the Panel." Second, Plaintiff argues that, because the arbitration award does not state whether the $34,256.98 may be applied toward the compensatory damages award, it is ambiguous as to how those funds should be classified.

"An award is 'final' only if the arbitrator has disposed of all issues in the arbitration." August 25 Order at 3; *see Lummus Global Amazonas*, 256 F. Supp. 2d at 639 ("As a general rule, a final and definite arbitration award must both resolve all the issues submitted to arbitration, and determine each issue fully so that no further litigation is necessary to finalize the obligations of the parties under the award."). The Court held in the August 25 Order that, "[a]ssuming the allegations in the pleadings to be true and viewing them in the light most favorable to Plaintiff," Plaintiff had properly alleged that the arbitration award was non-final.

However, Plaintiff has not, in her complaint or since, presented sufficient evidence that the arbitration award was ambiguous, as is her burden. *See Lummus Global Amazonas*, 256 F. Supp. 2d at 604. On the contrary, the award appears, both on its face and in the context of the arbitration proceedings, to be final and definite. With regard to Plaintiff's first argument, although the award does not explicitly mention Plaintiff's accord and satisfaction defense, it is clear that the arbitration panel rejected that defense. The award states:

> After considering the pleadings, the testimony, and the evidence presented in the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

4

> 1.) Respondent, Lisa M. Alvarado, is liable for and shall pay to Claimant, Wachovia Securities, LLC, the sum of $85,885.00 in compensatory damages . . . .

(Doc. No. 1, at 16.) The award further states, "The Counterclaim of Lisa M. Alvarado is denied and dismissed with prejudice," and, "Any relief not specifically enumerated, including attorneys' fees, and overpayment of commissions, is hereby denied without prejudice." (*Id.*) Thus, the award's broad language suggests that the panel considered all defenses and rejected them in awarding compensatory damages to Defendant. In addition, Defendant presents evidence in the arbitration transcript to show that the accord and satisfaction defense was discussed during the proceedings. (*See, e.g.*, Ex. 6 to Doc. No. 14, at 57 (citing Texas statute governing accord and satisfaction); Doc. No. 1, Pl.'s Mot. to Vacate, at 3 (noting that "the Panel considered issues, including, but not limited to: Accord and Satisfaction . . . .").) Accordingly, the Court finds that the arbitration panel did rule on Plaintiff's accord and satisfaction defense.

With regard to Plaintiff's second argument, although the arbitration award does not explicitly mention whether the $34,256.98 could be counted toward the compensatory damages award, it is clear that the arbitration panel did not intend for it to be counted. The award states that Plaintiff "is liable for and *shall pay* to Claimant, Wachovia Securities, LLC, the sum of $85,885.00 in compensatory damages." (Doc. No. 1, at 16 (emphasis added).) Thus, the panel intended for Plaintiff to pay the entire sum of $85,885.00 to Defendant *in the future*. Furthermore, Defendant presents evidence that the issue of the $34,256.98 was specifically discussed and considered during the proceedings. Counsel for Plaintiff stated in his closing argument in the arbitration proceeding:

> [W]e got a problem with the math that Wachovia has engaged in. They're wanting $120,000; and they have in their possession approximately 33. So, what does that leave us with? That leaves us with that 86,000 dollar balance. . . .
> I would respectfully suggest to the panel that because Wachovia already has the $33,000 of Ms. Alvarado's money in its possession, that it would be inequitable to award

> Wachovia the full $120,000 that it wants. It came into these proceedings today demanding that $120,000. They had their math wrong. . . .
> If the panel agrees with me on that one proposition, I would suggest that the only thing left would be the $86,000. The difference. . . .
> And that's basically the linchpin, if you will, that this panel is faced with deciding, is what to do about that $86,000 that's left.

(Ex. 6 to Doc. No. 14, at 220-21.) The arbitration panel awarded Defendant $85,885.00 rather than the $123,882.85 it sought in compensatory damages—a difference of $37,997.85. (Doc. No. 1, at 15-16.) Thus, it appears that the panel did consider the $34,256.98 that Plaintiff had already paid to Wells Fargo, and deducted it from the $123,882.85 sought by Wells Fargo—precisely as Plaintiff's counsel had requested. That the panel did not explicitly mention the previously-paid funds in its order is of no matter, as the order is unambiguous, both on its face and in the context of the proceedings.

The Court rejects both of Plaintiff arguments, and finds that the award was final and definite because it resolved all the issues submitted to arbitration and determined each issue fully so that no further litigation is necessary to finalize the obligations of the parties under the award. *Lummus Global Amazonas*, 256 F. Supp. 2d at 639. Resolving all doubts in favor of arbitration, *Executone Information Systems, Inc. v. Davis*, 26 F.3d 1314, 1320 (5th Cir. 1994), the Court cannot find any grounds for vacatur under the FAA.

Furthermore, because the award was final when it was issued on January 6, 2010 and delivered to the parties on January 7, 2010, Plaintiff's Motion to Vacate on April 14, 2010 was not served within three months after the arbitration award was "filed or delivered," as required by 9 U.S.C. § 12. Accordingly, Plaintiff's Motion to Vacate was untimely.

Because no grounds have been presented to make vacatur or modification of the arbitration award appropriate, the Court must grant Defendant's request to confirm the award. 9 U.S.C. § 9.

## IV. CONCLUSION

For the reasons discussed in this order, Plaintiff's Motion to Vacate Arbitration Award (Doc. No. 1) is **DENIED**. The arbitration award is **CONFIRMED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 15th day of February, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE